## Morkun v. William M. Welham, Inc.

*P. Alan Zulick,* for plaintiffs.
*Joseph P. DiGiorgio,* for defendants.

WOOD, *J.,* October 1, 1980—Plaintiffs, husband and wife, have filed a complaint in trespass and assumpsit against a corporate contractor and its individual president/controlling shareholder. Defendants have filed preliminary objections in the nature of a demurrer to count II of the complaint, and individual defendant has demurred to counts IV, V, and VI, maintaining that no cause of action is set forth against him in his individual capacity.

On October 28, 1978 an agreement of sale was executed between plaintiffs and defendant corpora-

tion (and signed by individual defendant without reference to his capacity) wherein plaintiffs agreed to purchase a single family dwelling to be constructed by defendant corporation on a lot in Caln Township. The house was built, settlement was held on February 2, 1979, and plaintiffs took possession of the premises. Plaintiffs have alleged that despite myriad construction defects and conditions, they went through with settlement relying on certain oral representations made by defendants' agent that the defects and conditions were temporary and would be corrected following settlement. The defects and conditions have not been corrected.

In essence, count II alleges misrepresentations made at settlement which induced plaintiffs to go ahead with settlement. The preliminary objections are based upon the parol evidence rule and an integration clause in the sales agreement. Both these arguments are misplaced, however, since the agreement of sale was executed well before settlement and therefore has nothing to do with settlement, and refers to a sample home rather than to the actual completed structure.

The real question is whether or not paragraphs 20 and 21* of the complaint allege more than an oral promise that was not subsequently kept. It is well

---

*20. On or about February 2, 1979, corporate defendant by its officers, agents, or employees represented to plaintiffs that water and moisture in the basement of the aforesaid premises was a temporary condition and was unrelated to defendant's construction of the aforesaid premises.

21. On and after February 2, 1979, corporate defendant by its officers, agents or employees repeatedly represented to plaintiffs that any and all defects in construction as enumerated above in paragraph 14 hereof were temporary conditions and would be remedied forthwith by corporate defendant at its own cost and expense.

established that statements of intention are not fraudulent if such statements represent the speaker's true state of mind even though he in fact later changes his mind: College Watercolor Group, Inc. v. Newbauer, 468 Pa. 103, 360 A. 2d 200, 206 (1976). We read paragraph 21 of the complaint as alleging a promise made by defendant which was never carried out, but we consider that paragraph 20 alleges in essence that defendant made misrepresentations of fact in order to induce plaintiff to go through with settlement. The Restatement, Contracts, §471(a), defines fraud as a "misrepresentation known to be such, . . . ." Further, section 470(1) defines a misrepresentation as "an assertion not in accordance with the fact." See, also, College Watercolor Group, supra. Accordingly, we find that paragraph 20, and hence count II, sufficiently states a cause of action in trespass. We do not have a request to strike paragraph 21, but we do not consider that proof of its averments would lend any support to the cause of action which we have discerned in count II.

The second issue is whether or not plaintiffs have pleaded a cause of action against the individual defendant. The only allegations against the individual defendant are that he, as president and controlling shareholder of corporate defendant, "has used, controlled and dominated corporate Defendant as his alter ego." Since individual defendant has demurred rather than moved for a more specific pleading, the question is not whether the terms used are explicit enough, but whether, given their full factual content, the terms are sufficient to give defendants notice of what they must defend against: 28 P.L.E., Pleadings § 11. Plaintiffs apparently rely on the term "alter ego" to encompass, for pleading purposes, all of those abuses which will

permit a court to pierce the corporate veil (and which are enumerated in Zubik v. Zubik, 384 F. 2d 267 (3rd Cir. 1967)). However, we think that something more is required. There must be not only an allegation of "control" or "alter ego," but also an averment that the control was used by individual defendant to further his own personal interests (see Ashley v. Ashley, 482 Pa. 228, 393 A. 2d 637 (1978)) or to perpetrate a fraud, or to promote some other inequity which needs to be remedied: College Watercolor Group, Inc., supra. We do not say that plaintiffs might not legitimately plead such a cause of action; we do not know. We do say that he has not pleaded it here.

## ORDER

And now, October 1, 1980, after oral argument and upon consideration of the briefs and pleadings, corporate defendant's preliminary objections in the nature of a demurrer to count II of the complaint is dismissed, but the demurrer of individual defendant to counts IV, V, and VI is sustained, with leave to plaintiffs to plead those counts over within 30 days of the date of this order, if they feel that the facts warrant allegations in keeping with this opinion.